UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PROJECT THUNDER SHAREHOLDER LIQUIDATING TRUST, in its capacity as shareholder representative,<br><br>Plaintiff,<br><br>v.<br><br>TNS, INC., a Delaware corporation, CEQUINT, INC., a Washington corporation, TRIDENT PRIVATE HOLDINGS I, LLC, a Delaware limited liability company, TRIDENT PRIVATE ACQUISITION CORP., a Delaware Corporation, and SIRIS CAPITAL GROUP, LLC,  a New York limited liability company,<br><br>Defendants. | Case No.: 2:13-cv-2300<br><br>**NOTICE OF REMOVAL** |

Defendants TNS, Inc. and Cequint, Inc., hereby remove the above-entitled action from the Superior Court of the State of Washington in and for the County of King (Cause No. 13-2-39841-9 SEA) to the United States District Court for the Western District of Washington, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

In further support of this Notice of Removal, defendants TNS, Inc. and Cequint, Inc. state:

NOTICE OF REMOVAL - 1

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
1201 THIRD AVENUE
SUITE 5200
SEATTLE, WASHINGTON 98101-3071
(206) 340-1000

1. On or about November 21, 2013, plaintiff Project Thunder Shareholder Liquidating Trust commenced a civil action in the Superior Court of the State of Washington in and for the County of King titled *Project Thunder Shareholder Liquidating Trust v. TNS, Inc. et al.*, at Cause No. 13-2-39841-9 SEA.

2. Defendants TNS, Inc. and Cequint, Inc. were served with the Summons and Complaint on or after December 3, 2013.

3. A true copy of all process, pleadings, and orders served upon defendants TNS, Inc. and Cequint, Inc. in such action are being filed as an attachment hereto.

4. The United States District Court for the Western District of Washington has original jurisdiction over this case because:

    a. The matter in controversy exceeds $75,000, exclusive of interest and costs, as the Complaint avers that defendants' actions have unlawfully deprived plaintiff of up to $62.5 million in "earnout" payments under a merger agreement; and

    b. The matter in controversy is between citizens of different states. Plaintiff, according to the Complaint, is a trust created under Washington law. Defendant TNS, Inc. is a citizen of both Delaware, its state of incorporation, and Virginia, where it has its principal place of business.

    c. Defendant Cequint, Inc. has been fraudulently joined as a defendant, and its citizenship should therefore be disregarded for purposes of diversity analysis. Under the doctrine of fraudulent joinder, a court may disregard a non-diverse party such as Cequint, Inc., if the court determines "that there is no possibility that the plaintiff can recover against the nondiverse party." Ritchey v. Upjohn Drug Co., 139 F.3d 1313, 1318-19 (9th Cir. 1998); Gardner v. UICI, 508 F.3d 559, 561 (9th Cir. 2007). Under this approach, the joinder of a nondiverse defendant may be treated as "fraudulent" or "sham" where a nominal cause of action is stated, but there is no possible basis for imposing liability. Parks v. New York Times Co., 308 F.2d 474, 477

NOTICE OF REMOVAL - 2

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
1201 THIRD AVENUE
SUITE 5200
SEATTLE, WASHINGTON 98101-3071
(206) 340-1000

(5th Cir. 1962). A trial judge may "pierce the pleadings" and consider summary judgment-type evidence in the record. Morris v. Princess Cruises, Inc., 236 F.3d 1061, 1067–68 (9th Cir. 2001); Travis v. Irby, 326 F.3d 644, 649 (5th Cir. 2003).

    d.    There is no possible basis for imposing liability against Cequint, Inc. in this case because Cequint, Inc. is not alleged to have committed any of the acts alleged in the Complaint. The only claim as to which Cequint, Inc. is named as a defendant is a claim for declaratory relief. The only controversy at issue, however, is whether the actions of TNS, Inc., in its management of Cequint, Inc., are unlawful. Cequint, Inc.'s conduct is not at issue. Thus, Plaintiff cannot assert any possible claim against Cequint, Inc. for declaratory relief.

    e.    Accordingly, this Court should disregard Cequint, Inc. as a party in this case for purposes of determining diversity jurisdiction.

5.    Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is being filed within 30 days after service of the Summons and Complaint on defendants TNS, Inc. and Cequint, Inc.

6.    Pursuant to 28 U.S.C. § 1446(d), this Notice of Removal is being filed with the Clerk of Court, Superior Court of the State of Washington in and for the County of King, and is being served on plaintiff.

7.    All existing defendants join in or consent to the removal of this action. Pursuant to 28 U.S.C. § 1446(b)(2)(A), attached as Exhibit A hereto is the Declaration of Peter Berger consenting to the removal of this action on behalf of defendants Trident Private Holdings I, LLC and Siris Capital Group, LLC. See Exh. A. ¶ 3. Defendant Trident Private Acquisition Corp. is no longer in existence as it was merged into defendant TNS, Inc. in February 2013. A copy of the merger certificate is attached hereto as Exhibit B.

NOTICE OF REMOVAL - 3

LAW OFFICES OF
COZEN O'CONNOR
A PROFESSIONAL CORPORATION
1201 THIRD AVENUE
SUITE 5200
SEATTLE, WASHINGTON 98101-3071
(206) 340-1000

8. <u>Intradistrict Assignment:</u>  Defendants TNS, Inc. and Cequint, Inc. are choosing to remove this action to the Seattle Division because the Complaint avers that the claim arose primarily in King County.

WHEREFORE, defendants TNS, Inc. and Cequint, Inc. pray that an order be entered that Cause No. 13-2-39841-9 SEA of the Superior Court of the State of Washington in and for the County of King be removed to this Court for further proceedings, and that this Court take jurisdiction herein and make such further orders as may be just and proper.

DATED this 23rd day of December, 2013.

      COZEN O'CONNOR

By:   <u>/s/ William F. Knowles</u>
     William F. Knowles, WSBA No. 17212
     COZEN O'CONNOR
     1201 Third Avenue, Suite 5200
     Seattle, Washington 98101
     Telephone: 206.340.1000
     Toll Free Phone: 1.800.423.1950
     Facsimile: 206.621.8783
     Email:  wknowles@cozen.com

John B. Williams (*pro hac vice* motion to be filed)
Ronald F. Wick (*pro hac vice* motion to be filed)
COZEN O'CONNOR
The Army and Navy Club Building
1627 I Street, NW, Suite 1100
Washington, D.C.  20006-4007
Telephone: 202.912.4800
Toll Free Phone: 1.800.540.1355
Facsimile: 202.861.1905

Attorneys for Defendants TNS, Inc. and Cequint, Inc.

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
1201 THIRD AVENUE
SUITE 5200
SEATTLE, WASHINGTON 98101-3071
(206) 340-1000

## CERTIFICATE OF SERVICE

I hereby certify that on December 23, 2013, I served a copy of the foregoing document via first-class mail, postage prepaid, on:

John Du Wors, Esq.
Newman Du Wors LLP
1201 Third Avenue, Suite 1600
Seattle, Washington 98101

DATED this 23rd day of December, 2013.

                    COZEN O'CONNOR

By:   */s/ Bonnie L. Enera*
      Bonnie L. Enera, Legal Assistant
      COZEN O'CONNOR
      1201 Third Avenue, Suite 5200
      Seattle, Washington 98101
      Telephone: 206.340.1000
      Toll Free Phone: 1.800.423.1950
      Facsimile: 206.621.8783

LEGAL\17866588\1 16417.0001.000/331622.000

NOTICE OF REMOVAL - 5

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
1201 THIRD AVENUE
SUITE 5200
SEATTLE, WASHINGTON 98101-3071
(206) 340-1000

# EXHIBIT A

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PROJECT THUNDER SHAREHOLDER LIQUIDATING TRUST, in its capacity as shareholder representative,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>TNS, INC., a Delaware corporation, CEQUINT, INC., a Washington corporation, TRIDENT PRIVATE HOLDINGS I, LLC, a Delaware limited liability company, TRIDENT PRIVATE ACQUISITION CORP., a Delaware Corporation, and SIRIS CAPITAL GROUP, LLC, a New York limited liability company,<br><br>　　　　　Defendants. | Case No.:<br><br>**DECLARATION OF PETER BERGER** |

　　　I, Peter Berger, being older than the age of eighteen (18) and being duly sworn according to law, hereby depose and say:

　　　1.　　I am Co-Founder and Managing Partner of Siris Capital Group, LLC ("Siris") and Manager and Vice Chairman of Trident Private Holdings I, LLC ("Trident Holdings"). As such, I am authorized and empowered to make this declaration on behalf of both Siris and Trident Holdings.

2. Both Siris and Trident Holdings consent to the removal of the above-entitled action from the Superior Court of the State of Washington in and for the County of King (Cause No. 13-2-39841-9 SEA) and to the United States District Court for the Western District of Washington, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 and otherwise reserve all rights.

3. Defendant Trident Private Acquisition Corp. is no longer in existence as it was merged into defendant TNS, Inc. in February 2013.

I certify under penalty of perjury that the foregoing is true and correct. Executed this 23rd day of December, 2013.

_____
Peter Berger
Co-Founder and Managing Partner, Siris Capital Group LLC
Manager and Vice Chairman, Trident Private Holdings I, LLC

# EXHIBIT B



PAGE 1

The First State

*I, JEFFREY W. BULLOCK, SECRETARY OF STATE OF THE STATE OF DELAWARE, DO HEREBY CERTIFY THE ATTACHED IS A TRUE AND CORRECT COPY OF THE CERTIFICATE OF MERGER, WHICH MERGES:*

*"TRIDENT PRIVATE ACQUISITION CORP.", A DELAWARE CORPORATION,*

*WITH AND INTO "TNS, INC." UNDER THE NAME OF "TNS, INC.", A CORPORATION ORGANIZED AND EXISTING UNDER THE LAWS OF THE STATE OF DELAWARE, AS RECEIVED AND FILED IN THIS OFFICE THE FIFTEENTH DAY OF FEBRUARY, A.D. 2013, AT 2:37 O'CLOCK P.M.*

*A FILED COPY OF THIS CERTIFICATE HAS BEEN FORWARDED TO THE NEW CASTLE COUNTY RECORDER OF DEEDS.*

3366056   8100M

130182094

Jeffrey W. Bullock, Secretary of State
AUTHENTICATION: 0219727

DATE: 02-15-13

You may verify this certificate online
at corp.delaware.gov/authver.shtml

*State of Delaware*
*Secretary of State*
*Division of Corporations*
*Delivered 02:37 PM 02/15/2013*
*FILED 02:37 PM 02/15/2013*
*SRV 130182094 - 3366056 FILE*

# CERTIFICATE OF MERGER

## OF

## TRIDENT PRIVATE ACQUISITION CORP.

## WITH AND INTO

## TNS, INC.

Pursuant to Section 251 of the General Corporation Law of the State of Delaware (the "DGCL"), TNS, Inc., a Delaware corporation (the "Corporation"), in connection with the merger of Trident Private Acquisition Corp., a Delaware corporation ("Merger Sub"), with and into the Corporation (the "Merger"), hereby certifies as follows:

FIRST: The names and states of incorporation of the constituent corporations to the Merger are:

| Name | State of Incorporation |
|---|---|
| TNS, Inc. | Delaware |
| Trident Private Acquisition Corp. | Delaware |

SECOND: An Agreement and Plan of Merger, dated as of December 11, 2012, by and among Trident Private Holdings I, LLC, Merger Sub and the Corporation (the "Merger Agreement"), setting forth the terms and conditions of the Merger, has been approved, adopted, executed and acknowledged by each of the Corporation and Merger Sub in accordance with Section 251 of the DGCL (and, with respect to Merger Sub, by a written consent of its sole stockholder in accordance with Section 228 of the DGCL).

THIRD: The name of the surviving corporation is TNS, Inc. (the "Surviving Corporation").

FOURTH: The Amended and Restated Certificate of Incorporation of the Corporation as in effect immediately prior to the Merger shall be amended and restated to read as set forth on Exhibit A attached hereto, and, as so amended and restated, shall be the certificate of incorporation of the Surviving Corporation.

FIFTH: The Merger shall become effective upon the filing of this Certificate of Merger with the Secretary of State of the State of Delaware.

SIXTH: The executed Merger Agreement is on file at the office of the Surviving Corporation located at 11480 Commerce Park Drive, Suite 600, Reston, VA 20191. A copy of the Merger Agreement will be furnished by the Surviving Corporation, on request and without cost, to any stockholder of either the Corporation or Merger Sub.

*[The remainder of this page is intentionally left blank.]*

085980-0014-14497-Active.13603517.1

IN WITNESS WHEREOF, this Certificate of Merger has been executed on this 15th day of February, 2013.

TNS, INC.

By: _____
Name: Henry H. Graham, Jr.
Title: Chief Executive Officer

[SIGNATURE PAGE TO CERTIFICATE OF MERGER]

## EXHIBIT A

## AMENDED AND RESTATED

## CERTIFICATE OF INCORPORATION

## OF

## TNS, INC.

(a Delaware corporation)

### ARTICLE ONE

The name of the corporation is TNS, Inc. (the "Corporation").

### ARTICLE TWO

The address of the Corporation's registered office in the State of Delaware is The Corporation Trust Company, 1209 Orange Street, Wilmington, New Castle County, Delaware 19801. The name of the registered agent at such address is The Corporation Trust Company.

### ARTICLE THREE

The purpose of the Corporation is to engage in any lawful act or activity for which corporations may be organized under the Delaware General Corporation Law (as amended, the "DGCL").

### ARTICLE FOUR

The total number of shares of all classes of stock which the Corporation has authority to issue is 2,000, which shall be divided into two classes as follows:

One thousand (1,000) shares of common stock, with a par value of $0.001 per share ("Common Stock"); and

One thousand (1,000) shares of preferred stock, with a par value of $0.001 per share ("Preferred Stock").

The board of directors of the Corporation (the "Board of Directors") is hereby expressly authorized, by resolution or resolutions, to provide, out of the unissued shares of Preferred Stock, for one or more series of Preferred Stock and, with respect to each such series, to fix, without further stockholder approval, the powers (including voting powers), preferences and relative, participating, optional and other special rights, and the qualifications, limitations or restrictions thereof, of such series of Preferred Stock and the number of shares of such series, and

as may be permitted by the DGCL. The powers, preferences and relative, participating, optional and other special rights of, and the qualifications, limitations or restrictions thereof, of each series of Preferred Stock, if any, may differ from those of any and all other series at any time outstanding.

## ARTICLE FIVE

The Corporation is to have perpetual existence.

## ARTICLE SIX

In furtherance and not in limitation of the powers conferred by statute, the Board of Directors is expressly authorized to make, alter or repeal the bylaws of the Corporation.

## ARTICLE SEVEN

Meetings of stockholders may be held within or without the State of Delaware, as the bylaws of the Corporation may provide. The books of the Corporation may be kept outside the State of Delaware at such place or places as may be designated from time to time by the Board of Directors or in the bylaws of the Corporation. Election of directors need not be by written ballot unless the bylaws of the Corporation so provide.

## ARTICLE EIGHT

A.   To the fullest extent permitted by applicable law, the Corporation is authorized to provide indemnification of (and advancement of expenses to) directors, officers, employees and agents (and any other persons to which Delaware law permits the Corporation to provide indemnification) through bylaw provisions, agreements with such agents or other persons, vote of stockholders or disinterested directors or otherwise, in excess of the indemnification and advancement otherwise permitted by Section 145 of the DGCL, subject only to limits created by applicable Delaware law (statutory or non-statutory), with respect to actions for breach of duty to the Corporation, its stockholders and others.

B.   No director of the Corporation shall be personally liable to the Corporation or any stockholder for monetary damages for breach of fiduciary duty as a director, except for any matter in respect of which such director shall be liable under Section 174 of the DGCL or any amendment thereto or shall be liable by reason that, in addition to any and all other requirements for such liability, such director (1) shall have breached the director's duty of loyalty to the Corporation or its stockholders, (2) shall have acted in a manner involving intentional misconduct or a knowing violation of law or, in failing to act, shall have acted in a manner involving intentional misconduct or a knowing violation of law, or (3) shall have derived an improper personal benefit. If the DGCL is hereafter amended to authorize the further elimination or limitation of the liability of a director, the liability of a director of the Corporation shall be eliminated or limited to the fullest extent permitted by the DGCL, as so amended.

2

C. Each person who was or is made a party or is threatened to be made a party to or is in any way involved in any threatened, pending or completed action, suit or proceeding, whether civil, criminal, administrative or investigative (hereinafter a "proceeding"), including any appeal therefrom, by reason of the fact that he or she, or a person of whom he or she is the legal representative, is or was a director or officer of the Corporation or a direct or indirect subsidiary of the Corporation, or is or was serving at the request of the Corporation as a director or officer of another entity or enterprise, or was a director or officer of a foreign or domestic corporation which was a predecessor corporation of the Corporation or of another entity or enterprise at the request of such predecessor corporation, shall be indemnified and held harmless by the Corporation, and the Corporation shall advance all expenses incurred by any such person in defense of any such proceeding prior to its final determination, to the fullest extent authorized by the DGCL. In any proceeding against the Corporation to enforce these rights, such person shall be presumed to be entitled to indemnification and the Corporation shall have the burden of proving that such person has not met the standards of conduct for permissible indemnification set forth in the DGCL. Any person serving as a director, officer, employee or agent of another corporation, partnership, limited liability company, joint venture or other enterprise, at least 50% of whose equity interests are owned by the Corporation shall be conclusively presumed to be serving in such capacity at the request of the Corporation. The rights to indemnification and advancement of expenses conferred by this ARTICLE EIGHT shall be presumed to have been relied upon by the directors and officers of the Corporation in serving or continuing to serve the Corporation and shall be enforceable as contract rights. Said rights shall not be exclusive of any other rights to which those seeking indemnification may otherwise be entitled. The Corporation may, upon written demand presented by a director or officer of the Corporation or of a direct or indirect subsidiary of the Corporation, or by a person serving at the request of the Corporation as a director or officer of another entity or enterprise, enter into contracts to provide such persons with specified rights to indemnification, which contracts may confer rights and protections to the maximum extent permitted by the DGCL, as amended and in effect from time to time.

D. If a claim under this ARTICLE EIGHT is not paid in full by the Corporation within sixty (60) days after a written claim has been received by the Corporation, the claimant may at any time thereafter bring suit against the Corporation to recover the unpaid amount of the claim and, if successful in whole or in part, the claimant shall be entitled to be paid also the expenses of prosecuting such claim. It shall be a defense to any such action (other than an action brought to enforce the right to be advanced expenses incurred in defending any proceeding prior to its final disposition where the required undertaking, if any, has been tendered to the Corporation) that the claimant has not met the standards of conduct which make it permissible under the DGCL for the Corporation to indemnify the claimant for the amount claimed, but the claimant shall be presumed to be entitled to indemnification and the Corporation shall have the burden of proving that the claimant has not met the standards of conduct for permissible indemnification set forth in the DGCL.

E. If the DGCL is hereafter amended to permit the Corporation to provide broader indemnification rights than said law permitted the Corporation to provide prior to such amendment, the indemnification rights conferred by this ARTICLE EIGHT shall be broadened to the fullest extent permitted by the DGCL, as so amended.

085980-0014-14497-Active.13603517.1

F.  Given that certain jointly indemnifiable claims (as defined below) may arise due to the service of the indemnitee as a director of the Corporation at the request of the indemnitee-related entities (as defined below), the Corporation shall be fully and primarily responsible for the payment to the indemnitee in respect of indemnification or advancement of expenses in connection with any such jointly indemnifiable claims, pursuant to and in accordance with the terms of this ARTICLE EIGHT, irrespective of any right of recovery the indemnitee may have from the indemnitee-related entities. Under no circumstance shall the Corporation be entitled to any right of subrogation or contribution by the indemnitee-related entities and no right of advancement or recovery the indemnitee may have from the indemnitee-related entities shall reduce or otherwise alter the rights of the indemnitee or the obligations of the Corporation hereunder. In the event that any of the indemnitee-related entities shall make any payment to the indemnitee in respect of indemnification or advancement of expenses with respect to any jointly indemnifiable claim, the indemnitee-related entity making such payment shall be subrogated to the extent of such payment to all of the rights of recovery of the indemnitee against the Corporation, and the indemnitee shall execute all papers reasonably required and shall do all things that may be reasonably necessary to secure such rights, including the execution of such documents as may be necessary to enable the indemnitee-related entities effectively to bring suit to enforce such rights. Each of the indemnitee-related entities shall be third-party beneficiaries with respect to this paragraph (F) of ARTICLE EIGHT, entitled to enforce this paragraph (F) of ARTICLE EIGHT.

For purposes of this paragraph (F) of ARTICLE EIGHT, the following terms shall have the following meanings:

(1) The term "indemnitee-related entities" means any corporation, limited liability company, partnership, joint venture, trust, employee benefit plan or other enterprise (other than the Corporation or any other corporation, limited liability company, partnership, joint venture, trust, employee benefit plan or other enterprise for which the indemnitee has agreed, on behalf of the Corporation or at the Corporation's request, to serve as a director, officer, employee or agent and which service is covered by the indemnity described herein) from whom an indemnitee may be entitled to indemnification or advancement of expenses with respect to which, in whole or in part, the Corporation may also have an indemnification or advancement obligation.

(2) The term "jointly indemnifiable claims" shall be broadly construed and shall include, without limitation, any action, suit or proceeding for which the indemnitee shall be entitled to indemnification or advancement of expenses from both the indemnitee-related entities and the Corporation pursuant to Delaware law, any agreement or certificate of incorporation, bylaws, partnership agreement, operating agreement, certificate of formation, certificate of limited partnership or comparable organizational documents of the Corporation or the indemnitee-related entities, as applicable.

## ARTICLE NINE

The Corporation expressly elects not to be governed by Section 203 of the DGCL.

4

## ARTICLE TEN

A.     In recognition and anticipation that (i) certain directors, principals, officers, employees and/or other representatives of Siris Capital Group, LLC ("Siris") and its Affiliates (as defined below) may serve as directors, officers or agents of the Corporation, (ii) Siris and its Affiliates may now engage and may continue to engage in the same or similar activities or related lines of business as those in which the Corporation, directly or indirectly, may engage and/or other business activities that overlap with or compete with those in which the Corporation, directly or indirectly, may engage, and (iii) members of the Board of Directors who are not employees of the Corporation ("Non-Employee Directors") and their respective Affiliates may now engage and may continue to engage in the same or similar activities or related lines of business as those in which the Corporation, directly or indirectly, may engage and/or other business activities that overlap with or compete with those in which the Corporation, directly or indirectly, may engage, the provisions of this ARTICLE TEN are set forth to regulate and define the conduct of certain affairs of the Corporation with respect to certain classes or categories of business opportunities as they may involve any of Siris, the Non-Employee Directors or their respective Affiliates and the powers, rights, duties and liabilities of the Corporation and its directors, officers and stockholders in connection therewith.

B.     None of (i) Siris or any of its Affiliates or (ii) any Non-Employee Director (including any Non-Employee Director who serves as an officer of the Corporation in both his or her director and officer capacities) or his or her Affiliates (the Persons (as defined below) identified in (i) and (ii) above being referred to, collectively, as "Identified Persons" and, individually, as an "Identified Person") shall, to the fullest extent permitted by law, have any duty to refrain from directly or indirectly (1) engaging in the same or similar business activities or lines of business in which the Corporation or any of its Affiliates now engages or proposes to engage or (2) otherwise competing with the Corporation or any of its Affiliates, and, to the fullest extent permitted by law, no Identified Person shall be liable to the Corporation or its stockholders or to any Affiliate of the Corporation for breach of any fiduciary duty solely by reason of the fact that such Identified Person engages in any such activities. To the fullest extent permitted by law, the Corporation hereby renounces any interest or expectancy in, or right to be offered an opportunity to participate in, any business opportunity which may be a corporate opportunity for an Identified Person and the Corporation or any of its Affiliates, except as provided in Section (C) of this ARTICLE TEN. Subject to said Section (C) of this ARTICLE TEN, in the event that any Identified Person acquires knowledge of a potential transaction or other business opportunity which may be a corporate opportunity for itself, herself or himself and the Corporation or any of its Affiliates, such Identified Person shall, to the fullest extent permitted by law, have no duty to communicate or offer such transaction or other business opportunity to the Corporation or any of its Affiliates and, to the fullest extent permitted by law, shall not be liable to the Corporation or its stockholders or to any Affiliate of the Corporation for breach of any fiduciary duty as a stockholder, director or officer of the Corporation solely by reason of the fact that such Identified Person pursues or acquires such corporate opportunity for itself, herself or himself, or offers or directs such corporate opportunity to another Person.

C. The Corporation does not renounce its interest in any corporate opportunity offered to any Non-Employee Director (including any Non-Employee Director who serves as an officer of this Corporation) if such opportunity is expressly offered to such person solely in his or her capacity as a director or officer of the Corporation, and the provisions of Section (B) of this ARTICLE TEN shall not apply to any such corporate opportunity.

D. In addition to and notwithstanding the foregoing provisions of this ARTICLE TEN, a corporate opportunity shall not be deemed to be a potential corporate opportunity for the Corporation if it is a business opportunity that (i) the Corporation is neither financially or legally able, nor contractually permitted to undertake, (ii) from its nature, is not in the line of the Corporation's business or is of no practical advantage to the Corporation or (iii) is one in which the Corporation has no interest or reasonable expectancy.

E. For purposes of this ARTICLE TEN, (i) "Affiliate" shall mean (a) in respect of Siris, any Person that, directly or indirectly, is controlled by Siris, controls Siris or is under common control with Siris and shall include any principal, member, director, partner, stockholder, officer, employee or other representative of any of the foregoing (other than the Corporation and any entity that is controlled by the Corporation), (b) in respect of a Non-Employee Director, any Person that, directly or indirectly, is controlled by such Non-Employee Director (other than the Corporation and any entity that is controlled by the Corporation) and (c) in respect of the Corporation, any Person that, directly or indirectly, is controlled by the Corporation; and (ii) "Person" shall mean any individual, corporation, general or limited partnership, limited liability company, joint venture, trust, association or any other entity.

F. To the fullest extent permitted by law, any Person purchasing or otherwise acquiring any interest in any shares of capital stock of the Corporation shall be deemed to have notice of and to have consented to the provisions of this ARTICLE TEN.

## ARTICLE ELEVEN

The Corporation reserves the right to amend, alter, change or repeal any provision contained in this certificate of incorporation in the manner now or hereafter prescribed herein and by the laws of the State of Delaware, and all rights conferred upon stockholders herein are granted subject to this reservation.

\* \* \* \* \*