UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

PROJECT THUNDER SHAREHOLDER
LIQUIDATING TRUST,

      Plaintiff,

  v.

TNS, INC., *et al.*,

      Defendants.

Case No. C13-2300RSL

ORDER REMANDING CASE

On December 24, 2013, defendants TNS, Inc., and Cequint, Inc., removed the above-captioned matter to federal court alleging that the Court has jurisdiction based on the diversity of citizenship of the parties. The Court ordered defendants to show cause why the above-captioned matter should not be dismissed for lack of diversity jurisdiction by providing the citizenship of the real parties in interest at the time the complaint was filed. Defendants have identified the trustees of the plaintiff trust as citizens of the State of Washington and acknowledge that three of the named defendants may be non-diverse. Nevertheless, defendants argue that diversity jurisdiction exists because Cequint, Inc., Trident Private Holdings I, LLC, and Siris Capital Group, LLC, have been fraudulently

ORDER REMANDING CASE - 1

joined as defendants.[1]

Fraudulent joinder is a narrow exception to the jurisdictional requirement of complete diversity, and defendants must make a clear and convincing showing that the non-diverse defendant was joined fraudulently. Hamilton Materials, inc. v. Dow Chem. Corp., 494 F.3d 1203, 1206 (9thCir. 2007). Although defendants need not show fraudulent intent, they must establish that the claims against the non-diverse defendants are obviously defective "according to the well-settled rules of the state." United Computer Sys., Inc. v. AT&T Corp., 298 F.3d 756, 761 (9th Cir. 2002). All inferences regarding disputed facts and all ambiguities in the controlling state law are to be drawn in favor of plaintiff. Onelum v. Best Buy Stores L.P., 948 F. Supp.2d 1048, 1051-52 (C.D. Cal. 2013) (quoting Dodson v. Spiliada Maritime Corp., 951 F.2d 40, 42-43 (5th Cir. 1992)). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

Defendants argue that plaintiff's claims of tortious interference against Trident Holdings and Siris are inadequately pled because they rely on factual allegations ascribing acts to "defendants" collectively. While such pleading may be insufficient in federal court, defendants make no attempt to show that plaintiff's factual allegations are insufficient under the lower pleading standard applied by the courts of Washington. McCurry v. Chevy Chase Bank, FSB, 169 Wn.2d 96, 101-03 (2010) (declining to adopt the heightened plausibility standard set forth in Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007), and Ashcroft v. Iqbal, 556 U.S. 662 (2009)). The Ninth Circuit's standard for fraudulent joinder is whether the plaintiff's failure to state a viable claim "is obvious according to the settled rules *of the state*" in which the case was originally filed, not Fed.

---

[1] The Court has considered defendants' response to the order to show cause (Dkt. # 10) and their proposed amended notice of removal (Dkt. # 11).

ORDER REMANDING CASE - 2

R. Civ. P. 8(a) or <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544 (2007).  <u>United Computer Sys.</u>, 298 F.3d at 761; <u>Watson v. Gish</u>, 2011 WL 2160924, at *3 (N.D. Cal. June 1, 2011). In the context of this case – where plaintiff filed its complaint in state court and never intended to litigate its tortious interference claims in federal court – defendants may not use the federal pleading standard as a sword to strike down claims that were viable in state court in order to establish federal jurisdiction.

        Defendants have not made a clear and convincing showing that the tortious interference claims against Trident Holdings and Siris are inadequately plead under state law or otherwise so obviously defective as to warrant dismissal.  Because complete diversity does not exist, the Clerk of Court is directed to remand this matter to King County Superior Court.  "Defendants' Motion for Leave to File Amended Notice of Removal" (Dkt. # 11) is DENIED as moot.

        Dated this 21st day of January, 2014.

*/s/ Robert S. Lasnik*

Robert S. Lasnik
United States District Judge

ORDER REMANDING CASE - 3